J. O. GARTRELL, C. D. McGREGOR and J. J. NORTH-CUTT, for plaintiff.

DORSEY, BREWSTER & HOWELL, for defendant.

---

WAYNE, administrator, *et al.* v. BLUN.

1. The letters improperly admitted in evidence were not sufficiently material to require a new trial.
2. While the presiding judge submitted to the jury some unnecessary and some inappropriate questions, yet the proper questions submitted and answered covered the whole substance of the controversy, and the answers made thereto by the jury were demanded by the evidence.
3. While the charge of the court was in some respects inaccurate and even erroneous, it was correct upon the controlling elements of

the case, and the errors and inaccuracies being harmless, are not cause for a new trial.                    *Judgment affirmed.*

March 29, 1893.  Argued at the last term.

Equitable petition.   Before Judge FALLIGANT.   Chatham superior court.   December term, 1891.

The purpose of the petition was to have a deed to Henry Blun declared null and void, to have an accounting from him for rents and profits, etc.   In answer to questions submitted by the court, the jury found as follows : All the parties interested in the estate of James M. Wayne signed and delivered the deed to the land in dispute, conveying said land to Blun, and by said deed gave their express consent to the purchase by Blun. The date of the deed was November 21, 1883.   It correctly stated the amount of the purchase money at $3,500, and accurately described the land by metes and bounds.   John M. Cuyler was the representative and agent of the parties in interest under the will of Wayne, and represented them in the sale of the property in Chatham county.   As such agent he employed Blun to sell said property.   Blun was agent for the sale of the property when he became the purchaser.   Cuyler as agent negotiated the sale of the property in dispute to Blun.   Under the evidence, Cuyler was a man of good business ability in 1883.   Blun made to Cuyler no false or fraudulent statements about the land, or its value present or prospective, to induce said sale ; nor did Blun withhold, conceal or suppress from his principal any material fact relating to the land.   The consent that Blun while agent for the sale of the property should become the purchaser, was given with full knowledge of all the facts.   $3,500 was a fair market price for the land in 1883.   This and other land in the vicinity was low and stationary in price, and there were no signs of rising values.   The only evidence of any decided rise is the evidence regarding the sale of land in that vicinity

a year or two before the trial. Blun has paid out for taxes and improvements on the land $2,610, and has received for rent $2,450. Cuyler as agent of the parties in interest, while considering the offer of Blun for the land or before that time, had time and opportunity to acquaint himself with the actual condition and value of the land, the probability of a rise in value or otherwise, and all matters affecting such value, before concluding the sale.

The plaintiffs moved for a new trial, which was denied, and they excepted. The motion contained many grounds, and there was a volume of evidence in connection with the same; but the foregoing, taken in connection with the head-notes, is a sufficient statement for this report.

CHARLES N. WEST and POPE BARROW, for plaintiffs.
GEORGE A. MERCER, for defendant.